UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

WEEDMAN RANCHES, INC., an
Oregon corporation,

        Plaintiff,

    v.                                                      Civil No. 08-1090-HA

DEERE & COMPANY, a Delaware            ORDER
corporation,

        Defendant.

_____

HAGGERTY, District Judge:

       Defendant Deere and Company (Deere or defendant) has filed a Second Motion for Summary Judgment [40] and a Motion to Exclude [44] seeking the dismissal of plaintiff Weedman Ranches, Inc.'s (Weedman or plaintiff) remaining claim for products liability. Oral argument was deemed unnecessary for the resolution of these motions. For the following reasons, defendant's Second Motion for Summary Judgment and Motion to Exclude are denied.

1 - ORDER

**BACKGROUND**

The following facts are undisputed unless otherwise noted and are stated in the light most favorable to plaintiff.

On or about June 27, 2006, plaintiff purchased a used 2005 Deere model STS 9760 combine from RDO Equipment in Wasco, Oregon. At the time of purchase, the combine had been operated for 295 hours by the only prior owner during the 2005 harvest. This constitutes light to average use for one season. After purchase, plaintiff operated the combine for an additional fifty-five hours during five days of use. Prior to using the combine each morning, plaintiff used an air hose to clear wheat "chaff" from various parts of the combine, including the "straw chopper" and engine compartment. Aside from "chroming the concave," plaintiff made no modifications to the combine, and plaintiff is aware of no changes made by the previous owner. Deere's manufacturer warranty for the combine expired on June 22, 2009.

On July 25, 2006, Erin Weedman was operating the combine when Weedman employee Bruce Smith, who was following the combine in a pickup truck, noticed white smoke emanating from the engine. Bruce Smith radioed Erin Weedman, who immediately exited the combine with a fire extinguisher. Erin Weedman attempted to extinguish the flames coming from the engine compartment, but the fire spread quickly and consumed the combine. No warning lights inside the combine indicated that there were problems with the combine, and the combine had been operating normally.

Following the destruction of the combine, Weedman purchased a new 2006 Deere model STS 9760. During the remainder of the 2006 harvest, Weedman personnel noted at least twelve small fires on the replacement combine but were able to extinguish those fires before they spread, in part because they installed a closed circuit camera trained on the engine compartment.

2  - ORDER

Plaintiff believes that the fire on the first combine was caused by electrostatic discharge (ESD) resulting from a design defect in the Deere STS 9760 combine. Plaintiff seeks to recover damages for the value of the destroyed combine, the diesel fuel in the combine, and the tools and upgrades installed on the combine.

**STANDARDS**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On summary judgment, the court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Defendant, the moving party, bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-49.

**DISCUSSION**

Defendant moves for summary judgment and seeks to exclude evidence offered by plaintiff in opposition to the motion.

**I.     Motion to Exclude**

Defendant seeks to exclude the expert affidavit of Louis F. Bilancia. Defendant

3  - ORDER

contends that the opinion evidence challenged does not satisfy the standard set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) (*Daubert I*)**.**

Scientific evidence is admitted pursuant to Federal Rule of Evidence 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert I*, the Supreme Court held that Rule 702 displaced the prior "general acceptance" test. 509 U.S. at 587-89. Thus, the district court acts as a gatekeeper, excluding bad science that does not carry sufficient indicia of reliability for admission under Rule 702. *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1316-17 (9th Cir. 1995) (*Daubert II*). This is accomplished through a preliminary determination that the proffered evidence is both relevant and reliable. *Daubert I*, 509 U.S. at 589-92.

The reliability of scientific evidence is analyzed according to "principles and methodology, not on the conclusions they generate." *Id.* at 595. The Supreme Court listed four non-exclusive factors for consideration in the reliability analysis: (1) whether the scientific theory or technique "can be (and has been) tested;" (2) "whether the theory or technique has been subjected to peer review and publication;" (3) whether a particular technique has a "known or potential rate of error;" and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593-94.

The *Daubert* inquiry, however, is "a flexible one," and must be "tied to the facts of a

particular case." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). The "factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Id.* (citation and quotations omitted). In short, the court must determine whether "an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert I*, 509 U.S. at 597.

Bilancia's declarations set forth his opinion that ESD was responsible for the subject fire. This court has reviewed his expert declaration, the contrary declaration of Dr. Thomas H. Pratt, the exhibits, and the parties' arguments. This court concludes that Bilancia's declaration passes muster under *Daubert*. In so concluding, the court notes Bilancia's reliance on National Fire Protection Association standards, his thorough investigation of the circumstances of the fire, and science establishing that ESD can be capable of igniting crop debris. Accordingly, this court denies defendant's motion to exclude.

Without question, defendant's arguments and the declaration of Dr. Thomas H. Pratt cast considerable doubt on Bilancia's declaration. However, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriated means of attacking shaky but admissible evidence." *Daubert I*, 509 U.S. at 596.

Because Bilancia's declaration is admissible, summary judgment is inappropriate. However, because plaintiff is proceeding under a theory that ESD caused the subject fire, plaintiff may not also proceed with an indeterminate defect theory.

5  - ORDER

**CONCLUSION**

For the foregoing reasons, defendant's Second Motion for Summary Judgment [40] and a Motion to Exclude [44] are DENIED.

IT IS SO ORDERED.

DATED this   3   day of August, 2010.

                                                           /s/ Ancer L. Haggerty
                                                             Ancer L. Haggerty
                                                      United States District Judge